UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP SARNER,

                    Plaintiff,

         -against-

SACCO & FILLAS; DAVID SILVERMAN;
SIBOWITZ, GARAFOLA, SIBOWITZ &
SCHATZ; HOWARD SCHATZ,

                    Defendants.

22-CV-6035 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Brooklyn, New York, proceeds *pro se* in this action. He invokes

the Court's diversity jurisdiction, 28 U.S.C. § 1332, and alleges that Defendants missed the

deadline for filing a personal injury suit arising from his slip and fall in Brooklyn.[1] He sues law

firms located in Queens and Nassau Counties (Sacco & Fillas, and Silbowitz, Garafola, Silbowitz

& Schatz, LLP), and individual attorneys associated with these firms (David Silverman and

Howard Schatz). For the following reasons, this action is transferred to the United States District

Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim
> occurred . . . ; or (3) if there is no district in which an action may otherwise be
> brought as provided in this section, any judicial district in which any defendant is
> subject to the court's personal jurisdiction with respect to such action.

---

[1] Federal courts can exercise diversity jurisdiction "only if diversity of citizenship among
the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the
same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). The presence of a
defendant who is a citizen of the same state as the plaintiff will destroy diversity jurisdiction. *Id.*

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights in connection with his slip and fall accident in Brooklyn, New York, where he lives. Brooklyn is in Kings County, New York, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Plaintiff provides addresses for the individual defendants in Bayside, New York, in Queens County, and Great Neck, New York, in Nassau County, though it is unclear if these addresses are for their offices or their domiciles. Queens and Nassau Counties are also within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Because it is unknown where all of the Defendants are domiciled, it is unclear whether venue is proper under Section 1391(b)(1) in this District based on the residence of the Defendants.

The events giving rise to Plaintiff's claims took place in Kings County, where he fell, and in Queens and Nassau Counties, where the law firms that he alleges that he consulted are located. Venue is therefore proper under Section 1391(b)(2) in the Eastern District of New York, where the claims arose.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff does not reside in this district and the underlying events did not occur here. The underlying events occurred within the Eastern District of New York, and it is reasonable to expect that all relevant documents and witnesses also would be located there. The Eastern District of New York also appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 15, 2022
        New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                             Chief United States District Judge